1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL AVINA,                    No. CIV S-08-0020-LKK-CMK-P

12            Plaintiff,

13      vs.                            <u>ORDER</u>

14   R. BAILEY, et al.,

15            Defendants.

16   _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on January

19   3, 2008.

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5  allege with at least some degree of particularity overt acts by specific defendants which support

6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7  impossible for the court to conduct the screening required by law when the allegations are vague

8  and conclusory.

9

10                          **I.  PLAINTIFF'S ALLEGATIONS**

11                Plaintiff alleges racial bias and discrimination as well as cruel and unusual

12  punishment.  His cruel and unusual punishment claims arise from what appears to be two

13  instances of physical abuse by two correctional officers, Bailey and Moses.  Plaintiff alleges that

14  these two correctional officers physically abused him following a seizure and then again

15  following plaintiff's staff complaint about defendant Bailey's failure to respond to his seizure

16  report.  In addition, plaintiff claims that both officers verbally abused him during these instances.

17  His claim for racial bias and discrimination is not clear.  His complaint does not state how he was

18  discriminated against on the basis of his race.  In fact, the complaint does not even inform the

19  court what his race is.  It does, however, make some reference to a disability (stating that he has a

20  wheelchair) and what appears to be the crime he committed.

21

22                          **II.  DISCUSSION**

23                Equal protection claims arise when a charge is made that similarly situated

24  individuals are treated differently without a rational relationship to a legitimate state purpose.

25  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from

26  invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

1    Racial segregation is unconstitutional within prisons save for the necessities of prison security

2    and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also

3    protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,

4    125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial

5    and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir.

6    2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the

7    disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal.

8    2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals

9    where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger,

10   2007 WL 732555 (E.D. Cal. March 19, 2008).

11           In order to state a § 1983 claim based on a violation of the Equal Protection

12   Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with

13   intentional discrimination against plaintiff, or against a class of inmates which included plaintiff,

14   and that such conduct did not relate to a legitimate penological purpose.  See Village of

15   Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be

16   brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.

17   2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v.

18   Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010

19   (9th Cir. 1985).

20           Here plaintiff fails to make a claim for racial bias or discrimination.  He does not

21   allege that he was treated any differently from any other person of his race, nor does he identify

22   how the defendants acted to intentionally discriminate against plaintiff.

23           The treatment a prisoner receives in prison and the conditions under which the

24   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

25   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

26   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

1  of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

2  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

3  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

4  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

5  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

6  when two requirements are met: (1) objectively, the official's act or omission must be so serious

7  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

8  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

9  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

10  official must have a "sufficiently culpable mind."  See id.

11        When prison officials stand accused of using excessive force, the core judicial

12  inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,

13  or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

14  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

15  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

16  is applied to excessive force claims because prison officials generally do not have time to reflect

17  on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475

18  U.S. at 320-21.  In determining whether force was excessive, the court considers the following

19  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

20  between the need for force and the amount of force used; (4) the nature of the threat reasonably

21  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

22  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force

23  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.

24  1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,

25  because the use of force relates to the prison's legitimate penological interest in maintaining

26  security and order, the court must be deferential to the conduct of prison officials.  See Whitley,

4

1   475 U.S. at 321-22.

2         Plaintiff's allegations of physical abuse may be sufficient to state a claim under

3   the Eighth Amendment for cruel and unusual punishment.  However, his allegations of verbal

4   harassment generally do not state a claim under the Eighth Amendment unless it is alleged that

5   the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski

6   v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th

7   Cir. 1996), amended by  135 F.3d 1318 (9th Cir. 1998).   Verbal harassment intended to

8   humiliate or endanger the inmate may violate the Constitution.  See Keenan, 83 F.3d at 1092.

9   Verbal insults are not sufficient to state a claim.  See Oltarzewski, 830 F.2d at 139.  In this case,

10  plaintiff's complaint does not allege that the verbal harassment plaintiff was subjected to caused

11  him any psychological damage or that the defendants intended to humiliate or endanger him.

12

13               **III.  CONCLUSION**

14        Because it is possible that the deficiencies identified in this order may be cured by

15  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

16  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

17  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

18  1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

19  prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

20  An amended complaint must be complete in itself without reference to any prior pleading.  See

21  id.

22        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

25  each named defendant is involved, and must set forth some affirmative link or connection

26  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

1  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

2          Because the complaint appears to otherwise state cognizable claims, if no

3  amended complaint is filed within the time allowed therefor, the court will issue findings and

4  recommendations that the claims identified herein as defective be dismissed, as well as such

5  further orders as are necessary for service of process as to the cognizable claims.

6          Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended

7  complaint within 30 days of the date of service of this order.

8

9

   DATED: April 23, 2008

10

11                                         _____
                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE
12