1

2

3

4

5

6

7

8

9            **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   MICHAEL AVINA,                              No. CIV S-08-0020-LKK-CMK-P

13              Plaintiff,

14        vs.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

15   R. BAILEY, et al.,

16              Defendants.

17   _____/

18              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on January

20   3, 2008.

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26   the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

On April 24, 2008, the court issued an order advising plaintiff that his complaint contained deficiencies in stating a claim regarding the verbal harassment and racial bias or discrimination he alleged.  The court also advised plaintiff that his complaint appeared to state a cognizable claim regarding his allegations of excessive force.  The court provided plaintiff an opportunity to file an amended complaint to try to cure the deficiencies identified.  Plaintiff chose not to file an amended complaint within the time allowed.  Therefore, in a separate order, the court has ordered that service is appropriate for defendants Bailey and Moses on his allegations of excessive force.  As discussed below, the undersigned is recommending the dismissal of plaintiff's claims regarding verbal harassment and racial bias or discrimination.

In addition to his claims regarding excessive force, plaintiff claims the defendants verbally abused him in two separate incidents.  He also makes allegations regarding racial bias and discrimination, but these allegations are not clear.  His complaint does not state how he was discriminated against on the basis of his race.  In fact, the complaint does not even inform the court what his race is.  It does, however, make some reference to a disability (stating that he has a wheelchair) and what appears to be the crime he committed.

**II. DISCUSSION**

A.  <u>Discrimination</u>

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. <u>See</u> <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  <u>See</u> <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) <u>see also</u> <u>Tatum v. Pliler</u>, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); <u>Hightower v. Schwarzenegger</u>, 2007 WL 732555 (E.D. Cal. March 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985).

/ / /

Here plaintiff fails to make a claim for racial bias or discrimination.  He does not allege that he was treated any differently from any other person of his race, nor does he identify how the defendants acted to intentionally discriminate against plaintiff.  Plaintiff only alleges that he "felt discriminated against" when the defendants laughed at him for wetting his pants.  This is insufficient to state a claim for discrimination.

B.  Verbal Harassment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Allegations of verbal harassment generally do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Verbal harassment intended to humiliate or endanger the inmate may violate the Constitution.  See Keenan, 83 F.3d at 1092.  Verbal insults are not sufficient to state a claim.  See Oltarzewski,

830 F.2d at 139.  In this case, plaintiff's complaint does not allege that the verbal harassment plaintiff was subjected to caused him any psychological damage or that the defendants intended to humiliate or endanger him.  Plaintiff sets forth that the defendants laughed at him and insulted him, but not that they intended to or did cause him any psychological damage.  The allegations are insufficient to state a claim for cruel and usual punishment.

### III.  CONCLUSION

The undersigned finds that plaintiff's complaint fails to state a claim for which relief can be granted regarding plaintiff's allegation of bias or discrimination as well as verbal harassment.  Plaintiff was provided an opportunity to cure the deficiencies found in his complaint.  He chose not to file an amended complaint within the time allowed.

Based on the foregoing, the undersigned recommends that plaintiff's claims for violation of his Eighth Amendment rights (verbal harassment) and Equal Protection rights (intentional discrimination) should be dismissed.  This case should proceed against the defendants regarding plaintiff's allegations of cruel and unusual punishment arising from the use of excessive force only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 18, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE