1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL AVINA,
                                   NO. CIV. 08-020 LKK/CMK P
12          Plaintiff,

13      v.                         ORDER

14   R. BAILEY, et al.,

15          Defendants.
     _____/
16

17        Plaintiff is a California prisoner proceeding pro se with an

18   action for violation of civil rights under 42 U.S.C. § 1983.  The

19   matter was referred to a United States Magistrate Judge pursuant

20   to Local Rule 72-302(c)(32).  The magistrate screened the complaint

21   pursuant to 28 U.S.C. § 1915A(a), and determined that all but one

22   of its claims failed to state a claim upon which relief could be

23   granted.  Plaintiff was given leave to amend the complaint, but did

24   not do so.  Therefore, this court dismissed several of plaintiff's

25   claims on August 20, 2008.

26   ////

                                  1

1    Plaintiff subsequently filed a motion for reconsideration of

2  that order.   Plaintiff states that he suffers from a mental

3  disability, and as a result failed to understand the court's prior

4  orders.   Now that plaintiff understands what the court asked, he

5  asks for reconsideration of the dismissal and leave to ammend.   For

6  the reasons stated below, the court grants plaintiff's order, and

7  requests the voluntary assistance of counsel pursuant to 28 U.S.C.
   § 1915(e)(1).
8
                            **I. BACKGROUND**
9
       Plaintiff is a state prisoner proceeding pro se, who alleges
10
   cruel and unusual punishment as well as discrimination on the basis
11
   of race and disability.
12
       Plaintiff's allegations center on the conduct of two
13
   correctional officers, Baily and Moses. Plaintiff alleges that
14
   these officers physically abused him on two occasions: during or
15
   following a seizure, and then after plaintiff filed a staff
16
   complaint about the first incident. Plaintiff also claims that both
17
   officers verbally abused him in both instances. Plaintiff's claims
18
   for bias and discrimination are not clear. Plaintiff states that
19
   Officer Bailey has physically and verbally abused "handicaps" on
20
   multiple occasions, but does not specifically allege whether or how
21
   he was discriminated against on the basis of race.
22
       Plaintiff's case was assigned to a magistrate, who screened
23
   the complaint pursuant to 28 U.S.C. § 1915A(a). The magistrate
24
   concluded that plaintiff properly alleged an Eighth Amendment claim
25
   for excessive force, but that all of plaintiff's other claims
26

                                   2

failed to state a claim upon which relief could be granted. The magistrate therefore entered an order granting leave to amend, but recommending dismissal of those claims if they were not properly amended. Plaintiff did not file an amended complaint. The magistrate then recommended that plaintiff's defective claims be dismissed, and plaintiff did not file an objection to that recommendation. Therefore, this court entered an order dismissing all of plaintiff's claims except for his Eighth Amendment claim for excessive force constituting cruel and unusual punishment.

Plaintiff requests reconsideration of the dismissal on the ground that plaintiff has mental health problems and an educational deficit that have made it difficult for plaintiff to proceed pro se, and that as a result plaintiff did not understand the magistrate's findings until now. Pl.'s Mot. to Recons. ¶¶ 3-4.

## II. STANDARD FOR MOTION FOR RECONSIDERATION

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988),

considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Here, plaintiff has not alleged that the dismissal was erroneous, that there has been any change in the applicable law, or that any new evidence related to his claims has become

4

1   available.   Therefore, the only potential ground for a grant of
2   reconsideration would be the prevention of "manifest injustice."
3   <u>Alexander</u>, 106 F.3d at 876.

4        Plaintiff's allegation that a mental disability prevented him
5   from understanding the courts' orders rises to the manifest
6   injustice standard.   Although the court attempted to provide
7   plaintiff with an opportunity to amend his complaint or to object
8   to the magistrate's findings, plaintiff's mental disability may
9   have prevented plaintiff from taking advantage of these
10  opportunities.  <u>See</u> <u>Schildkraut v. Bally's Casino New Orleans</u>, 2004
11  U.S. Dist. LEXIS 3256, *2-*3 (E.D. La. Mar. 1, 2004) (stating in
12  dicta that mental disability that prevents plaintiff from
13  litigating claim may constitute manifest injustice sufficient for
14  grant of reconsideration).   Therefore, this court grants
15  plaintiff's motion to reconsider, and vacates its earlier order.

16                  **IV. APPOINTMENT OF COUNSEL**

17       In addition to reconsidering its prior order, this court finds
18  that the exceptional circumstances of this case warrant requesting
19  the voluntary assistance of counsel for plaintiff, pursuant to 28
20  U.S.C. § 1915(e)(1).  Counsel will therefore be appointed.

21                       **V. CONCLUSION**

22       For the reasons stated above, IT IS HEREBY ORDERED that:
23       1.   Angelito Remo Sevilla is hereby APPOINTED to represent
24            plaintiff;
25       2.   This court's order of August 20, 2008 is VACATED;
26  ////

                              5

3.  Plaintiff is granted leave to file an amended complaint within 90 days of this order;

4.  Plaintiff's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file;

5.  This matter is scheduled for a status/scheduling conference on January 29, 2009 at 10:00 a.m. before Magistrate Judge Kellison at the United States District Court in Redding, California. Both parties shall appear by counsel at the status conference and shall be prepared to discuss how this matter should proceed;

6.  The Clerk of the Court is directed to serve a copy of this order upon Angelito Remo Sevilla, Drinker Biddle and Reath LLP, 50 Fremont Str., 20th Floor, San Francisco, CA 94105.

IT IS SO ORDERED.

DATED:  October 9, 2008.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6