1

2

3

4

5

6

7

8

9                       **IN THE UNITED STATES DISTRICT COURT**

10                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12 MICHAEL AVINA,                No. CIV S-08-0020-LKK-CMK-P

13           Plaintiff,

14      vs.                     FINDINGS AND RECOMMENDATIONS

15 R. BAILEY, et al.,

16           Defendants.

17 _____/

18         Plaintiff, a state prisoner proceeding with appointed counsel, brings this civil

19 rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendants' motion to

20 dismiss (Doc. 33).  Plaintiff has filed a statement of non-opposition to Defendants' motion (Doc.

21 41).

22         Defendants' aver Plaintiff failed to exhaust his administrative remedies prior to

23 filing this action.  Prisoners seeking relief under § 1983 must exhaust all available administrative

24 remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

25 regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

26 Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

1   the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
2   while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The
3   Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199
4   (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in
5   the complaint because lack of exhaustion is an affirmative defense which must be pleaded and
6   proved by the defendants; (2) an individual named as a defendant does not necessarily need to be
7   named in the grievance process for exhaustion to be considered adequate because the applicable
8   procedural rules that a prisoner must follow are defined by the particular grievance process, not
9   by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,
10  but not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo that, in
11  order to exhaust administrative remedies, the prisoner must comply with all of the prison
12  system's procedural rules so that the agency addresses the issues on the merits.   548 U.S. 81,
13  89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical
14  procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.

15          A prison inmate in California satisfies the administrative exhaustion requirement
16  by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of
17  Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or
18  policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
19  Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several
20  levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution
21  head; (4) third level appeal to the director of the California Department of Corrections and
22  Rehabilitation.  A decision at the third formal level, which is also referred to as the director's
23  level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.
24  Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may
25  summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§
26  3084.3(c)(6) and 3084.6(c).  Currently, California regulations do not contain any provision

1   specifying who must be named in the grievance.

2         Here, Defendants argue Plaintiff submitted no grievances accepted for review

3 during all relevant times to this action.  Although Plaintiff did submit an inmate grievance

4 appeal, his appeal was screened out and Plaintiff was provided with instructions to resubmit a

5 new appeal which does not violate the procedural rules.  They argue that Plaintiff's attempt to

6 file an inmate appeal was insufficient to fulfill his exhaustion requirement.

7         Plaintiff filed a statement of non-opposition to Defendants' motion to dismiss "in

8 which Defendant moves to dismiss without prejudice Plaintiff's complaint."  (Doc. 41).   The

9 court interprets this statement of non-opposition as an acknowledgment that Plaintiff did not, in

10 fact, exhaust his administrative remedies.  However, he appears to be requesting the complaint be

11 dismissed without prejudice, presumably so that he may re-file his complaint after he exhausts

12 his administrative remedies.  As exhaustion of administrative remedies is a requirement prior to

13 filing a complaint, and Plaintiff does not argue he has exhausted his administrative remedies,

14 dismissal of Plaintiff's complaint in this matter is appropriate.

15         Accordingly, IT IS HEREBY RECOMMENDED that Defendants' unopposed

16 motion to dismiss be granted, and Plaintiff's complaint be dismissed without prejudice.

17

18   DATED:  May 29, 2009

19

20                            **CRAIG M. KELLISON**
                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26